STAPRES, J.
It is very clear that the only matter of controversy between the parties at the time of the submission was in reference to the quality of the brick manufactured by the plaintiff. There may have been in connection with this, some question as to the place of delivery, but the real contention originated in the condemnation of the brick by General Elliott, the architect having charge of the work. The resolutions of the board of trustees, the correspondence of the parties, and the submission, unmistakably indicate that this was the point of controversy. It does not appear that the plaintiff was asserting any demand of his own, but rather repelling the charge of violating his contract. He insisted that the brick were not defective; or if defective, it was not his fault but that of the defendants or their agents. It is impossible to look through this record without being brought irresistibly to the conclusion that this was the matter and the only matter intended to be submitted to the arbitrators.
It is true the submission recites that certain differences had arisen as to “the quality of the brick and as to the construction of the contract. ’ ’ If the latter phrase, so much relied on, has any real significance, if in fact there were differences as to the construction of the contract, they have reference to the real point of contention; and that is whether the plaintiff had made and delivered such brick as the contract required. This, of course, would involve to a considerable extent the construction of the contract.
*The case of Scott v. Barnes, 7 Barr’s R. 134, illustrates this view. In that case the court says: “The words, ‘all matters in controversy,’ would extend to mutual demands if they stood alone, but as they must be understood as referring to the subject matter expressed by the parties themselves, they are restrained by the context.” And so here the phrase “difference as to the construction of the contract,” must be restrained by the context, and be held to apply to the subject matter of controversy plainl3' comprehended by the submission.
The sum of eleven hundred dollars awarded the plaintiff, it is to be recollected, is in full of the twenty per cent, expressly reserved by the trustees, and which was not to be paid until the brick were laid in the walls apd counted in the manner and according to the custom of the country. Both at the date of the submission and of the award the brick had not been laid in the walls; indeed they had not been removed from the kilns in which they were burnt.
It is not reasonable to suppose that the defendants would consent to submit to arbitration any question in regard to the number of brick. It does not appear there was any controversy upon this point; if there was it was to be settled by actual count and not by arbitration. This was the security the defendants had provided, and the courts will not presume they intended to relinquish it. They will not presume that the trustees would agree to make immediate payment of the reserved twenty per cent., or that they would be willing that the referees should be invested with authority to award such payment, when by the express terms of the contract the payment was not to be made until the brick were laid in the walls and counted according to the custom of the country.
*The parties might submit such matter to arbitration if they pleased; but no such inference would be drawn from the use of a vague and general phrase, “that certain differences had arisen as to the construction of the contract. ’ ’ The arbitrators were simply called on to settle a controversy in regard to the quality of the brick. When that was done their duty ended. If, after their decision was rendered, the defendants still declined to receive the brick, the plaintiff would have his action; and the award would be conclusive evidence of the performance of the agreement, so far1 as the quality of the brick is concerned. In regard to the number, the plaintiff being deprived of the count as stipulated in the contract, by the conduct of the defendants, might properly rely on the next best evidence the case would afford. In thus construing the submission, substantial justice is done, and the intention of the parties, as gathered from the record, is carried into execution.
It has been insisted that the parties by their conduct before the arbitrators tacitly agreed that this question might be settled by them, and that the defendants are es-topped to deny that the matter is within the terms of the submission. This argument is based upon the statement of the judge of the Circuit court, that evidence was adduced before the jury to show that the question of the plaintiff’s “right to immediate payment of the 20 per cent, was raised and argued by plaintiff’s counsel before the arbitrators before the award was made, and when both were present. ’ ’
It has been held, in a number of cases, that where the language of the submission leaves it doubtful as to the matters intended to be submitted, the conduct of the parties before the arbitrators may be looked to *for elucidation. If the matters are presented by one without objection by the other; if evidence has been offered upon them, and they have been considered in argument, it will be assumed they fall within the scope of the submission. Moise on Arbitration 62.
This is, perhaps, a very just conclusion. But clearly the argument of counsel, representing one of the parties, can have no such *484 effect. It would be carrying the doctrine to most mischievous lengths to hold that every claim asserted by counsel, in the course of a protracted controversy, may be looked to for elucidating an ambiguous submission, and for investing the arbitrators with authority not otherwise apparently conferred. For these reasons, I think that so much of the award as directs the payment of eleven- hundred dollars exceeds the terms of the submission, and is therefore utterly void.
The next question to be considered is whether the award is void in toto, or whether it is ^ood so far as it is within the scope of the submission. The rule upon this subject is, that if the thing awarded to be done, which is bad, as being beyond the submission, forms no part of the consideration for, or element in, the performance of that part which is good, as being within the submission, but is wholly distinct and independent thereof, then the award can be separated, and the bad part rejected, and that which is good held valid and binding upon the parties. Moise on Arbitration.
In the case before us, the arbitrators find that the plaintiff has complied with his contract, and that the failure in the quality of the brick is not by reason of any default of his. This is clearly distinct, and separable from the residue, which awards the payment of money. Had the arbitrators stopped with the first *part of the finding, beyond all question the award would have been good. It cannot be invalidated by the addition of a matter not submitted, and which forms no part of the consideration for, or element in, the performance of that which is within the terms of the submission.
It has been argued, however, that conceding the award is severable it is uncertain, and does not respond to the matters submitted. It is true the arbitrators do not find the plaintiff has manufactured such brick as he agreed to make. They find, however, that he has complied with his contract, and that the failure in the quality of the brick is not attributable to him. It is impossible to believe that the parties simply intended to submit to the arbitrators to determine the quality of the brick, and to leave open and unadjusted the real matter of controversy, who ought properly to sustain the loss. An award, thus restricted, would have defeated the main purpose of the submission. I think it is sufficiently certain and responsive to the inquiries before the arbitrators.
CHRISTIAN and ANDERSON, Js., concurred in the opinion of STAPLES, J.
BOULDIN, J., concurred so far as it sets aside the award in part. He was inclined to go further, and set it aside throughout. But he concurred in the decision.
MONCURE, P., was inclined to sustain the whole award. But he concurred in the decision.
Judgment reversed.